THE ATTORNEY GENERAL HAS ASKED ME TO REPLY TO YOUR REQUEST FOR AN INFORMAL RESPONSE TO THE FOLLOWING QUESTIONS:
 1. IS A SCHOOL DISTRICT OR VOCATIONAL-TECHNICAL SCHOOL DISTRICT AUTHORIZED TO PROHIBIT TEACHERS OR OTHER SCHOOL PERSONNEL FROM BEING EMPLOYED OUTSIDE OF THEIR EMPLOYMENT WITH THE SCHOOL DISTRICT?
 2. WOULD THE FACT THAT THE OUTSIDE EMPLOYMENT TOOK PLACE AFTER SCHOOL HOURS, ON WEEKENDS, DURING SUMMER RECESS OR ON HOLIDAYS AND SUCH OUTSIDE EMPLOYMENT IN NO WAY CONFLICTED WITH THEIR RESPONSIBILITIES AS A TEACHER OR OTHER SCHOOL PERSONNEL MAKE A DIFFERENCE IN YOUR RESPONSE TO QUESTION NUMBER ONE?
 3. IS A SCHOOL DISTRICT OR VOCATIONAL-TECHNICAL SCHOOL DISTRICT AUTHORIZED TO PROHIBIT SUCH OUTSIDE EMPLOYMENT IN THE CONTRACT OF THE TEACHER OR OTHER SCHOOL PERSONNEL?
 4. DOES SUCH A PROHIBITION VIOLATE ANY STATUTORY OR CONSTITUTIONAL RIGHT OF THE TEACHER OR OTHER SCHOOL PERSONNEL?
FIRST, CAN THESE DISTRICTS PROHIBIT PERSONNEL FROM ACCEPTING OUTSIDE EMPLOYMENT? WHILE THE BOARDS OF THE DISTRICTS HAVE THE POWER TO MAKE RULES AND REGULATIONS GOVERNING THE SCHOOL SYSTEM UNDER 70 O.S. 5-117(A)(3) (1989), THAT POWER, AS ALL GOVERNMENTAL POWER, MUST BE EXERCISED IN A MANNER CONSISTENT WITH APPLICABLE LAWS. THEREFORE, TO ANSWER YOUR QUESTION, IT IS NECESSARY TO REVIEW THIS LAW.
YOU ASK SECOND IF IT MAKES A DIFFERENCE IF THE OUTSIDE EMPLOYMENT TAKES PLACE AFTER SCHOOL HOURS, ON WEEKENDS, DURING SUMMER RECESS OR ON HOLIDAYS AND IN NO WAY CONFLICTS WITH THE EMPLOYEE'S RESPONSIBILITIES FOR THE DISTRICTS. THE ANSWER IS YES, AND THE NATURE OF THE OUTSIDE EMPLOYMENT ALSO MAKES A DIFFERENCE. IN THE CASE OF OKLAHOMA EDUCATION ASSOCIATION V. ALCOHOLIC BEVERAGE LAWS ENFORCEMENT COMMISSION, 889 F.2D 929 (10TH CIR. 1989), THE U. S. COURT OF APPEALS FOR THE TENTH CIRCUIT UPHELD STATE STATUTORY RESTRICTIONS PROHIBITING PUBLIC EMPLOYEES, INCLUDING TEACHERS, FROM WORKING IN THE ALCOHOLIC BEVERAGE INDUSTRY. THE TEST WAS WHETHER THOSE RESTRICTIONS WERE REASONABLY RELATED TO LEGITIMATE STATE INTERESTS. AN ATTORNEY GENERAL'S OPINION, NO. 88-023, ADDRESSES A SIMILAR ISSUE — THE ABILITY OF A STATE EMPLOYEE TO ACCEPT EMPLOYMENT WITH MORE THAN ONE STATE AGENCY UNDER 74 O.S. 4241 (1988). THE OPINION ADVISES THAT THIS IS A QUESTION OF FACT TO BE DETERMINED ON A CASE BY CASE BASIS, CONSIDERING WHETHER THE SECONDARY EMPLOYMENT WOULD IMPAIR THE EMPLOYEE'S INDEPENDENCE OF JUDGMENT AND PERFORMANCE OF PUBLIC DUTIES. FACTORS TO CONSIDER ARE THE DUTIES AND HOURS OF EACH JOB AND WHETHER THERE IS A CONFLICT OF INTEREST BETWEEN THE RESPONSIBILITIES OF EACH JOB.
YOUR THIRD QUESTION IS WHETHER A DISTRICT IS AUTHORIZED TO PROHIBIT OUTSIDE EMPLOYMENT IN THE CONTRACT OF THE TEACHER OR OTHER SCHOOL PERSONNEL. SCHOOL BOARDS ARE EMPOWERED BY 70 O.S. 5-117(A)(14) (1989) TO CONTRACT WITH AND FIX THE DUTIES OF SCHOOL PERSONNEL. HOWEVER, ALL RESTRICTIONS MUST BE VIEWED IN LIGHT OF THE DISCUSSION OF YOUR FOURTH QUESTION, ADDRESSED BELOW.
YOUR FOURTH AND FINAL QUESTION IS WHETHER A PROHIBITION OF OUTSIDE EMPLOYMENT VIOLATES ANY STATUTORY OR CONSTITUTIONAL RIGHT OF THE TEACHER OR OTHER SCHOOL PERSONNEL. THE TENTH CIRCUIT CASE CITED ABOVE STATES, AT PAGE 933, THAT "OUR CONSTITUTION CLEARLY DOES NOT EXPLICITLY OR IMPLICITLY GUARANTEE THE RIGHT TO PURSUE GOVERNMENT EMPLOYMENT FREE FROM RESTRICTIONS ON ADDITIONAL EMPLOYMENT." OKLAHOMA'S STATUTE PROHIBITING PUBLIC EMPLOYEES FROM WORKING IN THE ALCOHOLIC BEVERAGE INDUSTRY WAS FOUND TO BE RATIONALLY RELATED TO LEGITIMATE STATE INTERESTS; IT DID NOT VIOLATE THE EQUAL PROTECTION CLAUSE OR THE PLAINTIFFS' DUE PROCESS RIGHTS.
IN SUMMARY, ANY REGULATION PROMULGATED BY A SCHOOL BOARD PROHIBITING OUTSIDE EMPLOYMENT BY TEACHERS AND SCHOOL PERSONNEL MUST SERVE A LEGITIMATE STATE PURPOSE. A BROAD REGULATION PROHIBITING ANY AND ALL OUTSIDE EMPLOYMENT MIGHT HAVE DIFFICULTY MEETING THAT TEST. CONTRACTUAL PROHIBITIONS, WHETHER PRESENT IN ALL CONTRACTS OR SELECTIVELY APPLIED, WOULD ALSO HAVE TO MEET THAT TEST. IN THE CASE OF OUTSIDE EMPLOYMENT WITH A STATE AGENCY, ALL FACTORS WHICH MIGHT INFLUENCE THE EMPLOYEE'S INDEPENDENCE OF JUDGMENT OR PERFORMANCE OF PUBLIC DUTIES MUST BE CONSIDERED.
A PROHIBITION AGAINST PURSUIT OF OUTSIDE EMPLOYMENT IS NOT, PER SE, IMPERMISSIBLE; ITS APPROPRIATENESS WOULD BE DETERMINED BY THE PARTICULAR FACTS AND CIRCUMSTANCES OF THE SITUATION. IT SHOULD BE NOTED THAT IN ANY SITUATION THERE MIGHT BE AGREEMENTS, SUCH AS THOSE WITH TEACHER OR EMPLOYEE ORGANIZATIONS, WHICH COULD IMPACT CONTRACTUAL PROVISIONS AND ARE NOT ADDRESSED BY THIS LETTER. (DUAL COMPENSATION/OUTSIDE EMPLOYMENT/MOONLIGHTING)
(GAY ABSTON TUDOR)